```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

GEORGE STAFFORD and wife          )
KITTY STAFFORD                    )
                                  )
    Plaintiffs/Counter-Defendants,)
                                  )
v.                                )       No. 04-2811 Ma
                                  )
ALLSTATE INSURANCE COMPANY,       )
                                  )
    Defendant/Counter-Plaintiff.  )

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On October 21, 2005, Defendant/Counter-Plaintiff Allstate Insurance Company ("Allstate") filed a motion for summary judgment. Plaintiffs/Counter Defendants George and Kitty Stafford (the "Staffords") filed a response on February 2, 2006.

**I.   BACKGROUND**

Plaintiffs suffered a fire loss to their home at 356 Cold Creek Drive, Henning, TN 38041, on or about September 22, 2003. (Compl. ¶ 3-4.) At the time of the loss, the property was covered by Allstate insurance policy number 930610861 (the "Policy"). (Id.) The Policy provides for payment of up to $54,000 for structural damage and $37,800 for personal property damage. The Policy also provides for payment of living expenses for a period up to twelve months from the date of loss. (Joint Pre-Trial Order at 9.)

On March 10, 2003, Kitty Stafford signed an application for

insurance with Allstate (the "Application"). (Mtn. for Summ. J. ¶ 4.) The signed Application contains inaccuracies and/or misrepresentations, including that: (1) the Staffords had previous insurance coverage; (2) they had purchased the property for $40,000.00; (3) the property was located on a solid and continuous foundation; and (4) the property was built by a licensed contractor. (Mtn. for Summ. J. ¶ 5-10.)

The "conditions" section of the Policy, in relevant parts, provides as follows:

> CONCEALMENT OR FRAUD
>
> This policy is void if it was obtained by misrepresentation, fraud or concealment of material facts.  If it is determined that this policy is void, all premiums paid will be returned to you since there has been no coverage under this policy.
>
> We do not cover any loss or occurrence in which any insured person has concealed or misrepresented any material fact or circumstance.

(Exhibit One, Mtn. for Summ. J.) Because of the inaccuracies on the Application, Allstate has declared that the Policy is void <u>ab initio</u> and has refused to cover the Staffords' losses. The Staffords are seeking damages under the Policy for failure to pay the insurance claim and bad faith pursuant to Tennessee Code Annotated § 56-7-105(a).  Allstate has filed a Counter Complaint against the Staffords and is seeking damages against them pursuant to T.C.A. § 56-7-106 for bringing the Complaint in bad faith. Allstate seeks reimbursement for advances and expenses it has

incurred, for which it claims the Staffords are liable in an amount not exceeding twenty-five percent (25%) of the amount for which the Staffords make a claim against Allstate.

**II. Jurisdiction**

The Staffords are citizens of Tennessee. Allstate is a corporation duly authorized to do business in the state of Tennessee, with its principal place of business in Roanoke, Virginia. The amount in controversy exceeds $75,000. Therefore, this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**III. Summary Judgment Standard**

Summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "bears the burden of clearly and convincingly establishing the nonexistence of any genuine issue of material fact, and the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986). The moving party can meet this burden, however, by pointing out to the court that the respondents, having had sufficient opportunity for discovery, have no evidence to support

an essential element of their case. See Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

When confronted with a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. A genuine issue for trial exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party opposing the motion must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, the nonmoving party must present "concrete evidence supporting its claims." Cloverdale Equip. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The district court does not have the duty to search the record for such evidence. See Interroyal Corp. v. Sponseller, 889 F.2d 108, 110-11 (6th Cir. 1989); Street, 886 F.2d at 1479-80. Parties have the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in their favor. Id.

**IV.  Choice of Law**

The Staffords bring this action under T.C.A. § 56-7-105(a). Allstate has not objected to the application of Tennessee law.

Because the parties acquiesce in the application of the substantive law of Tennessee, the court will apply Tennessee law and will not conduct a choice of law analysis sua sponte. See Sneyd v. International Paper Co., Inc., 142 F.Supp.2d 819, 823 (E.D. Mich. 2001) (citing GBJ Corp. v. Eastern Ohio Paving Co., 139 F.3d 1080, 1085 (6th Cir. 1998)).

**V. Analysis**

Allstate argues that the Staffords are not entitled to recover under the Policy because they misrepresented key facts in their Application. (Memo. in Supp. of Mtn. for Summ. J. at 2.) Although the Staffords acknowledge that the Application contains numerous misrepresentations, they contend that they did not misrepresent any facts during the application process and that there is a genuine dispute about material facts. (Resp. to Mtn. for Summ. J. at 12.)

The legal effect of misrepresentations in an application for insurance is governed by T.C.A. § 56-7-103, which provides as follows:

> No written or oral misrepresentation or warranty therein made in the negotiations of a contract or policy of insurance, or in the application therefore, by the insured or in the insured's behalf, shall be deemed material or defeat or void the policy to prevent its attaching, unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter represented increased the risk of loss.

A misrepresentation made in an application for insurance is material and grounds for voiding a policy if it reasonably influences the insurer's judgment in making the contract. See

5

Vermont Mut. Ins. Co. v. Chiu, 21 S.W.3d 232, 235 (Tenn.Ct.App. 2000); Sine v. Tennessee Farmers Mut. Ins. Co., 861 S.W.2d 838, 839 (Tenn.Ct. App. 1983).

Thus, under this statute, to avoid coverage Allstate must prove that the answers in the application were false and that the false answers were given with the intent to deceive Allstate or that the false answers materially increased its risk of loss. That the application contained false answers is undisputed. Because Allstate does not allege that the false answers were given with the intent to deceive, the only issue is whether the false answers materially increased its risk of loss.

Whether a misrepresentation materially increases risk of loss is a question of law for the court to determine. See Sine v. Tennessee Farmers Mut. Ins. Co., 861 S.W.2d 838,839 (Tenn. Ct. App. 1993). Allstate has established by the uncontroverted affidavit testimony of Tara Murnane ("Murnane"), Territorial Product Manager for Allstate, that when evaluating the Application, Allstate relied on the facts it contained, including that the Staffords had prior insurance, that the property was constructed by a licensed contractor, the purchase price of the property, and the existence of a continuous and solid foundation. Murnane states that "had Allstate known the truth, it would have not have issued the policy in question." (Exhibit 8, Mtn. for Summ. J.) Therefore, Allstate has offered evidence that the misrepresentations contained in the

Application increased its risk of loss.

The Staffords do not dispute Allstate's contentions. Instead, they allege that the misrepresentations contained in the Application were fraudulently made by Allstate's agent, Linda Dennis ("Dennis"). The Staffords contend that they gave accurate information to Dennis and that Dennis fraudulently changed their answers on the Application.

Other than the discrepancy between what the Staffords allegedly told Dennis and what was ultimately recorded on the Application, there is no evidence that Dennis committed fraud. If the insured fails to read a contract or otherwise to learn its contents and signs the same, the insured is estopped from denying any obligation under the contract and will be conclusively presumed to know its contents. Beasley v. Metropolitan Life Ins. Co., 190 Tenn. 227, 229 S.W.2d 146 (1950) at 148; See also Giles v. Allstate Ins. Co., Inc., 871 S.W.2d 154, 156 (Tenn.App. 1993).

Kitty Stafford acknowledged by signing page 6 of the Application that:

>      To the best of my knowledge the statements made on this
> application, including any attachments are true.  I request the
> Company, in reliance on these statements, to issue the insurance
> applied for.  The company may recompute the premium shown if the
> statements made herein are not true.   In the event of any
> misrepresentation or concealment made by me or with my knowledge in
> connection with this application, the Company may deem this binder
> and any policy issued pursuant to this application, void from its
> inception.  This means that the Company will not be liable  for any
> claims or damages which would otherwise be covered.  I have read
> this entire application before signing.

(Exhibit 2, Mtn. for Summ. J.) Thus, even assuming arguendo that Dennis did not accurately record the answers the Staffords gave her, the Staffords had a duty to review the application for accuracy before signing it and representing that the statements it contains are true.

In <u>Giles v. Allstate Ins. Co.</u>, 871 S.W.2d 154, the court held that, if a plaintiff has an opportunity to correct misrepresentations on an application but fails to do so, the insurer is entitled to rescind coverage if the misrepresentations increase its risk of loss, regardless of whether its agent played a role in the misrepresentations. Similarly, in <u>McPherson v. Fortis Ins. Co.</u>, 2004 WL 1123529 *6 (Tenn. Ct. App.), the court notes that there can be no recovery on an insurance policy where the insured, by failing to read the application, affirms the accuracy of the statements it contains. <u>See also</u> <u>Montgomery v. Reserve Life Ins. Co.</u>, 585 S.W.2d 620, 622 (Tenn. Ct. App. 1979.); <u>Hardin v. Combined Ins. Co</u>, 528 S.W. 2d 31 (Tenn. Ct. App. 1975).

Because the Staffords do not dispute the existence of misrepresentations or the fact that Allstate would not have issued the policy absent those misrepresentations, there are no material facts in dispute.  Dennis' role in writing the misrepresentations on the Application is not material because the Staffords acknowledged by signing the Application that they had read it and that the information it contained was correct.

Allstate has established that the application contained misrepresentations and that those misrepresentations materially increased its risk of loss. Therefore, Allstate's motion for summary judgment is granted.

**VI. Conclusion**

For the foregoing reasons, Defendant/Counter-Plaintiff Allstate's motion for summary judgment is GRANTED.

So ordered this 13th day of February 2006.

_____
s/ Samuel H. Mays, Jr.
United States District Judge